# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

GLORIA B. WALTERS,

      Plaintiff,

v.                                      CASE NO. 5:07cv145-RH/EMT

DR. DONALD C. WINTER, SECRETARY
DEPARTMENT OF THE U. S. NAVY,

      Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

This is a Title VII action for gender discrimination and retaliation. Although Title VII is applicable to federal employees, 42 U.S.C. § 2000e-16, the defendant moved for summary judgment, arguing that the plaintiff was not an employee of the defendant but was instead the employee of ITS Corporation ("ITS"), an independent contractor. The defendant argued that "sovereign immunity bars this Court from considering Plaintiff's claim." (Document 14 at 5.) After a hearing, I denied the defendant's summary judgment motion without prejudice because defendant failed to establish that it was not a joint employer of the plaintiff.

Six days after the defendant's motion for summary judgment was denied, the defendant moved to dismiss, arguing that a federal entity is not subject to Title VII

liability for discrimination against employees of an independent contractor. That of course is correct — if the employee is only an employee of the independent contractor and not also properly treated as a federal employee based on the joint employment doctrine. But if, under that doctrine, the person at issue is properly treated as jointly employed by a federal entity, the government may be liable under Title VII. *See Spirides v. Reinhardt*, 613 F.2d 826, 831-32 (D.C. Cir. 1979) (reversing the dismissal of a discrimination claim against a federal agency despite a contract indicating that the plaintiff was an independent contractor); *Coles v. Harvey*, 471 F. Supp. 2d 46, 51 (D.D.C. 2007) (holding that even though the plaintiff's salary was paid by an Army contractor — Kelly Services — the Army could be the plaintiff's joint employer); *see also Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488, 1492 (11th Cir. 1993) (noting that a person's employment status — whether employee or independent contractor — was not controlled solely by the terms of the consulting agreement; instead, "all of the incidents of the [employment] relationship must be assessed and weighed") (quoting *NLRB v. United Ins. Co.*, 390 U.S. 254, 258, 88 S. Ct. 988, 19 L. Ed. 2d 1083 (1968)); *Cobb v. Sun Papers, Inc.*, 673 F.2d 337, 341 (11th Cir. 1982) (holding that a person's status as an employee or independent contractor should be determined based on the "economic realities of the relationship viewed in light of the common law principles of agency and the right of the employer to control the employee");

*Pitts v. Shell Oil Co.*, 463 F.2d 331, 335-36 (5th Cir.1972) (reversing

determination on summary judgment that person was an employee, and not an

independent contractor, where the evidence as to the degree of control and

supervision was disputed).  The various formulations that courts use to determine

whether a defendant is an employer within the meaning of Title VII all share a

common focus — they "seek to determine who (or which entity) is in control of the

fundamental aspects of the employment relationship that gave rise to the claim."

*Lyes v. City of Riviera Beach, Fla.*, 166 F.3d 1332, 1345 (11th Cir. 1999).

    Whether an alleged joint employer has retained sufficient control over the

terms and conditions of employment of the employees of another alleged joint

employer "is essentially a factual issue" that is "unaffected" by an

independent-contractor relationship between the alleged joint employers.  *See*

*NLRB v. Browning-Ferris Industries*, 691 F.2d 1117, 1123 (3d Cir. 1982) (quoting

*Boire v. Greyhound Corp.*, 376 U.S. 473, 481 84 S. Ct. 894, 11 L. Ed. 2d 849

(1964)); *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1359-60 (11th Cir.

1994) (affirming the trial court's "joint employer" determination made based on

the *Browning-Ferris* test and noting that a joint employer determination is

"essentially a factual question.").

    The amended complaint alleges that the plaintiff "is an employee as defined

by Title VII and was jointly employed in Panama City, Florida by the Navy and

I.T.S. Corporation." (Document 3 ¶ 12.) This allegation survives the defendant's motion to dismiss.

If the defendant's motion to dismiss were treated as a second motion for summary judgment, the outcome would be the same. The plaintiff submitted an affidavit alleging that the Navy controlled all aspects of her work. The defendant's only evidence to the contrary is the contract between the defendant and ITS stating that ITS employees performing services for the defendant "will be controlled, directed, and supervised at all times by management personnel of the contractor." Contract for Services (document 25-2) § 18.1. Absent undisputed evidence that the plaintiff was, in fact, "controlled, directed, and supervised at all times" by ITS, there remains a disputed issue over whether the defendant was a joint employer of the plaintiff.

For these reasons,

IT IS ORDERED:

The defendant's motion to dismiss (document 25) is DENIED.

SO ORDERED on July 13, 2008.

s/Robert L. Hinkle<br>Chief United States District Judge